United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sanlu Zhang, Plaintiff, | ) |
| v. | ) Civil Action No. 19-20773-Civ-Scola |
| Royal Caribbean Cruises, Ltd. and others, Defendants. | ) **In Admiralty** |

### Order Striking Amended Complaint

This matter is before the Court on an independent review of the record. This maritime tort action arises from damages allegedly sustained by Plaintiff Sanlu Zhang when he was seriously injured during a shore excursion while a passenger aboard a ship operated by Defendant Royal Caribbean Cruises, Ltd. (Am. Compl., ECF No. 6.) In the amended complaint, Zhang asserts nine counts against, variously, Royal Caribbean and Defendants Renta Safari SA de CV, Operadora Aviomar SA de CV, and XYZ Corporation: count one asserts a claim for misleading advertising in violation of Florida Statute § 817.41 against all four Defendants; count two recites a claim against Royal Caribbean for negligent misrepresentation; count three alleges negligence against Royal Caribbean; count four alleges negligence against Renta Safari, Aviomar, and XYZ; count five alleges negligence, again, against all four Defendants based on apparent agency or agency by estoppel; count six recites yet another negligence claim against all four Defendants based on a joint venture between Royal Caribbean and the other three Defendants; count seven appears to allege a breach of contract claim, as a third-party beneficiary, against all four Defendants; count eight alleges a breach of fiduciary duty against Royal Caribbean; and lastly, count nine alleges negligence against Renta Safari, Aviomar, and XYZ for their failure to provide proper medical care and trasnportation. Within each count, Zhang lists multiple distinct theories of liability: in some cases identifying up to thirty-five ways in which the various Defendants' liabilities are implicated.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348,

1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). The complaint here is this type of shotgun pleading.

By way of a representative, albeit extreme, example, through count three alone, Zhang attempts to assert thirty-five distinct theories of liability. (Am. Compl. at ¶ 52.) But each theory is a separate cause of action that must be asserted independently and with supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1333, n.7 (S.D. Fla. 2018) (Goodman, Mag. J.) (dismissing negligence claim where Plaintiff "has done little

more than assert fact-free, wholly conclusory, boilerplate allegations" and requiring in any amended pleading that the plaintiff "allege facts, not merely labels and boilerplate conclusions"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases).

Accordingly, the Court **strikes** the amended complaint, (**ECF No. 6**), as a shotgun pleading. Zhang may file an amended complaint by **March 14, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, Zhang shall assert each theory of liability as a separate cause of action and specify with particularity which Defendant is responsible for each cause of action and which Defendant is implicated in each factual allegation. Zhang is also admonished not to allege facts in the alternative: for example, RC "fail[ed] to adequately inspect *and/or* monitor *and/or* approve of the providers of bus transportation" (Am. Compl. at ¶ 52(m) (emphasis added).) Either a fact or conclusion is alleged or isn't. And any legal conclusions that form the basis for any claims must be made in good faith and supported by factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou*, 2012 WL 2049431 at *6 ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations.").

Additionally, the Court also notes Zhang's jurisdictional allegations have not properly established diversity in this case: "It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." *Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000). Here, Zhang, the only plaintiff, is a citizen of China and at least one Defendant is also a foreign entity. Since the only remaining jurisdictional basis alleged is admiralty, the Court strikes Zhang's jury demand. Zhang is therefore directed to fix this defect in his amended complaint as well.

Zhang is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on March 7, 2019.

Robert N. Scola, Jr.
United States District Judge