United States District Court
for the
Southern District of Florida

| Sanlu Zhang, Plaintiff, | ) | |
|---|---|---|
| v. | ) | Civil Action No. 19-20773-Civ-Scola |
| Royal Caribbean Cruises, Ltd. and others, Defendants. | ) | **In Admiralty** |

### Order Denying Motion to Set Aside Judgment, Reopen Case, and Amend Complaint

This maritime action arises from damages Plaintiff Sanlu Zhang sustained when he was seriously injured during a shore excursion in Cozumel, Mexico, while a passenger aboard a ship operated by Defendant Royal Caribbean Cruises, Ltd. (2nd Am. Compl. ("Compl." or "complaint"), ECF No. 11.) After careful review, the Court granted the Defendants' motions to dismiss, dismissing Zhang's case in its entirety. (ECF No. 40.) In response, Zhang now asks the Court to reconsider its order dismissing his complaint and to afford him leave to amend his complaint. (Pl.'s Mot., ECF No. 42.) After considering Zhang's motion, the record, and the relevant legal authorities, the Court **denies** his request (**ECF No. 42**).

To begin with, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

Here, Zhang does not complain that the Court erred substantively in dismissing his second amended complaint. Instead, he argues that the Court

improperly failed to afford him the opportunity to amend his complaint. According to Zhang, this was error because (1) the Court did not make the necessary finding to support a dismissal with prejudice as a sanction; (2) the rule requiring a separate motion for leave to amend does not apply to him and, in any event, is impractical; and (3) allowing amendment in this case would be proper under Federal Rule of Civil Procedure 15(a)(2). The Court finds Zhang's arguments unavailing and therefore does not find reconsideration warranted.

First, the cases Zhang relies on to support his argument that the Court failed to supply findings that would justify the drastic sanction of dismissing his case with prejudice all involve a plaintiff's failure to prosecute its case or failure to comply with various court orders and are therefore inapplicable. *E.g.*, *Solis v. CitiMortgage, Inc.*, 700 Fed. App'x 965, 971 (11th Cir. 2017) (finding case improperly dismissed as a sanction for the plaintiff's failure to comply with the district court's orders); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1335 (11th Cir. 2005) (finding case improperly dismissed as a "sanction for failure to answer a counterclaim and perfect service of process"). Here, the Court did not dismiss Zhang's complaint as a sanction. Rather, the Court dismissed his seconded amended complaint substantively under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2). Further, the Court's decision to not afford Zhang leave to amend was based on his failure to properly request such leave, especially in light of the fact that the deadline to do so had long since passed. The Court's dismissal of Zhang's case, without leave to amend (and, therefore, effectively, with prejudice) was not punitive and, therefore, the cases he relies on are inapposite.

Next, the Court finds no merit to Zhang's argument that the rule requiring a separate motion to request leave to amend does not apply to him. Zhang had ample opportunity to cure the defects in his pleading. First, the Court initially struck Zhang's original complaint as a shotgun pleading, pointing out to him that he must do "more than assert fact-free, wholly conclusory, boilerplate allegations" and instead must "allege facts, not merely labels and boilerplate conclusions." (Order, ECF No. 8 (quoting *Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1333, n.7 (S.D. Fla. 2018) (Goodman, Mag. J.) and citing *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases).) Thus, had Zhang reviewed this language and the cited cases, he would have been on notice of his obligation to allege facts and not merely labels and boilerplate conclusions *before* the motions to dismiss were even filed.

The Defendants' motions to dismiss then put Zhang on notice of his pleading's additional shortcomings. At that point Zhang had a choice: stand on his pleading and oppose the motions to dismiss or request leave to amend in

order to address his pleading's flaws. As a tactical decision, Zhang chose to oppose the motions and lost. The Court will not now afford him a second (or third) bite of that apple where he declined "to follow the well-trodden procedural path toward amendment." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. App'x 925, 930 (11th Cir. 2016) (also noting the propriety of dismissal with prejudice "where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so"). While it is certainly true that our legal system favors the resolution of cases on their merits, that rule is not without limits. Especially where, as here, the plaintiff's own strategic decisions dictated the course of litigation. Here, Zhang reviewed the Defendants' motions to dismiss, vigorously opposed them and then sat back and waited to see if the Court would let his pleading fly. And then, when the Court granted the motions to dismiss, Zhang suddenly came up with a litany of new facts that he claims fix his pleading's deficiencies. Zhang had every opportunity to fix the deficiencies the Defendants identified prior to the Court's careful and thorough review. He should have taken his best shot from the get go; he should not have waited for the Defendants and the Court to have worked through his pleading before bothering to inform all involved that he had a much better pleading in his back pocket in case things went badly for him. At best this was a poor strategic decision; at worst this was an attempt at sandbagging that backfired. The Court is not persuaded by Zhang's after-the-fact attempt to recast this tactical decision as a mistake, inadvertence, or excusable neglect, warranting reconsideration.

Lastly, Zhang's argument that amendment should be allowed under Rule 15(a)(2) misses the mark. While the rule indeed requires "[t]he court [to] freely give leave" to amend "when justice so requires," Zhang has sought leave to amend long after the deadline to do so has passed. When leave to amend is sought **after** the deadline to amend the pleadings has passed, the movant must do more than argue leave is due under Federal Rule of Civil Procedure 15(a). That is, the movant must also show "good cause" under Federal Rule of Civil 16(b)(4) in order to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, still, "a motion to amend may be

denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted). Zhang does not even mention Rule 16(b), never mind argue that he has satisfied its "good cause" showing. Indeed, although Zhang now maintains he can "provide[] additional details regarding the incident," such as "the speed that the bus was traveling," and "the road and weather conditions that made such speed dangerous," he provides no explanation for his counsel's baffling failure to timely present such notable facts in an amended complaint. The deadline for the parties to amend their pleadings expired nearly four months before Zhang filed the instant motion. "Permitting another round of amendments" at this point, "would . . . unduly protract[ these] proceedings . . . and promote[] judicial inefficiency." *Eiber*, 673 Fed. App'x at 930.

For the foregoing reasons, the Court **denies** Zhang's motion to set aside the judgment, to reopen the case, and for leave to amend (**ECF No. 42**).

**Done and ordered**, in Miami, Florida on March 25, 2020.

Robert N. Scola, Jr.
United States District Judge